# DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY *v.* YURKONIS.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 852. Submitted May 3, 1915.—Decided June 21, 1915.

Plaintiff sued railroad company for personal injuries in the state court and defendant removed the case to the Federal court on ground of diverse citizenship; more than two years after the cause of action arose plaintiff amended his complaint setting up that he was engaged in mining coal to be sent out of the State and that he could recover under the Federal Employers' Liability Act; on the trial defendant moved to dismiss on the ground that under that act the two year statute applied and plaintiff thereupon moved to amend by striking out allegations as to interstate commerce which the court denied and the case was submitted to the jury on the issues joined under the common law and the state statute. There was a verdict for the

plaintiff, and the judgment was affirmed by the Circuit Court of Appeals. On writ of error from this court to review the judgment *held* that:

In order for this court to review the judgment of the Circuit Court of Appeals, jurisdiction in the District Court must have rested, not on diverse citizenship alone, but must also in part have arisen because of averments in the complaint showing a cause of action under the Constitution or laws of the United States involving a substantial controversy.

In the absence of such averments in the complaint the judgment of the Circuit Court of Appeals is final.

The fact that coal may be used in interstate commerce after being mined and transported does not make an injury sustained by the miner an injury sustained while engaged in interstate commerce, or create a cause of action under the Federal Employers' Liability Act.

Where this court cannot review the judgment of the Circuit Court of Appeals because the jurisdiction of the Federal court rests on diverse citizenship alone, it cannot pass on other questions, such as whether the plaintiff had not prior to commencement of the action removed to, and become a citizen of, defendant's State.

Writ of error to review 220 Fed. Rep. 429, dismissed.

THE facts, which involve the jurisdiction of this court to review the judgments of the state court under § 237, Judicial Code, are stated in the opinion.

*Mr. George C. Holt, Mr. John Vernon Bouvier, Jr.,* and *Mr. Wm. Montague Geer, Jr.,* for defendant in error in support of the motion.

*Mr. William S. Jenney, Mr. Everett Warren* and *Mr. F. W. Thomson* for plaintiff in error in opposition to the motion:

The writ of error should not be dismissed.

The judgment below should not be affirmed on motion. The writ of error was sued out in good faith and the grounds asserted in support of it are not frivolous. The questions raised are serious, important and far-reaching.

They are worthy of the best efforts of counsel and the closest consideration of the court.

While plaintiff in error desires a quick determination of the questions raised by the assignment of errors, it protests earnestly against any action by way of the summary docket and an immediate hearing.

Under the limitations imposed by this court upon its review of the record in relation to the questions of negligence and contributory negligence, it will be found that the defendant in error failed to show that his injuries were due to the negligence of his employer.

In support of these contentions see *Arbuckle* v. *Blackburn*, 191 U. S. 405; *Atch., T. & S. F. Ry.* v. *Robinson*, 233 U. S. 173; *Bankers Co.* v. *Minneapolis &c. R. R.*, 192 U. S. 371; *Colorado &c. Co.* v. *Turck*, 150 U. S. 138; *Empire Mining Co.* v. *Hanley*, 198 U. S. 292; *Ex parte Jones*, 164 U. S. 691; *Firth* v. *Firth*, 50 N. J. Eq. 137; *Florida &c. R. R.* v. *Bell*, 176 U. S. 321; *Gibson* v. *Bruce*, 108 U. S. 561; *Henningsen* v. *U. S. Fidelity Co.*, 208 U. S. 404; *Hislop* v. *Taffe*, 141 App. Div. 40; *Hoes* v. *N. Y., N. H. & H. R. R.*, 173 N. Y. 435; *Howard* v. *United States*, 184 U. S. 676; *Huguley Mfg. Co.* v. *Galeton Cotton Mills*, 184 U. S. 290; *Hull* v. *Burr*, 234 U. S. 712; *Mansfield, C. & L. M. R. R.* v. *Swan*, 111 U. S. 379; *Missouri, K. & T. R. R.* v. *Wulf*, 226 U. S. 570; *Montana Mining Co.* v. *St. Louis Mining Co.*, 204 U. S. 204; *Nor. Pac. R. R.* v. *Soderberg*, 188 U. S. 526; *Parker* v. *Ormsby*, 141 U. S. 81; *Penfield* v. *C., O. & S. R. R.*, 134 U. S. 351; *Perez* v. *Fernandez*, 202 U. S. 80; *Pope* v. *Louisville &c. Co.*, 173 U. S. 573; *Press Publishing Co.* v. *Monroe*, 164 U. S. 105; *Railroad Commission of Ohio* v. *Railroad Co.*, 225 U. S. 101; *Seaboard Air Line* v. *Horton*, 233 U. S. 492; *Spencer* v. *Silk*, 91 U. S. 526; *Third Street Co.* v. *Lewis*, 173 U. S. 457; *Thompson* v. *Cent. Ohio R. R.*, 6 Wall. 134; *Warner* v. *Searle Co.*, 191 U. S. 195; *Weir* v. *Rountree*, 216 U. S. 602; *West. Un. Tel. Co.* v. *Ann Arbor R. R.*, 178 U. S. 239.

MR. JUSTICE DAY delivered the opinion of the court.

This case was brought in the Supreme Court of New York to recover damages for injuries sustained by the plaintiff while in the employ of the defendant Railroad Company. The complaint charged that the injuries were received while the plaintiff was employed in the defendant's colliery in Luzerne County, Pennsylvania. As to the manner of injury the complaint averred that while the plaintiff was in the employ of the defendant in its colliery, and was engaged in and about the performance of his duties, preparing and setting off a charge of dynamite for the purpose of blasting coal, the explosive gases which accumulated at the place where plaintiff was working suddenly ignited and exploded, causing a squib attached to the charge of dynamite to catch fire and to be immediately consumed, so that the charge of dynamite was exploded and discharged, and as a result thereof the plaintiff received great, severe and permanent injuries.

The complaint also charged the carelessness and negligence of the defendant in failing to provide and keep a safe place for the plaintiff to work, and certain other acts unnecessary to be repeated but alleged to be of a negligent character. The complaint also charged a violation of the law of the State of Pennsylvania, providing for the health and safety of persons employed in or about the coal mines of that State. Upon the petition of the Railroad Company the case was removed to the District Court of the United States for the Eastern District of New York, where trial was had and judgment rendered in favor of the plaintiff.

The petition for removal alleged that the plaintiff, at the beginning of the suit and since resided in Richmond County, New York, and was at the time of the beginning of the action and still was an alien and citizen of a foreign country, and that the defendant Railroad Company was a corporation organized and existing under the laws of the

State of Pennsylvania. After the removal of the case to the United States District Court, the defendant filed an answer, taking issue upon the allegations of the complaint. Five months after the removal, the plaintiff filed an amended complaint, which contained the same allegations as to the manner of the injury, and allegations as to the common law and statutory liability of the defendant. The amended complaint added certain allegations wherein it was alleged that the defendant, for the purpose of its railroad, owned, managed and operated a certain mine or colliery known as the "Pettibone" colliery in the State of Pennsylvania, in which plaintiff was employed at the time of the injury, and where at all of the times covered by the complaint the defendant did and still does mine and prepare anthracite coal for use in its locomotives and engines and other equipment used in its business as a common carrier in interstate commerce. That at the time of receiving the injury plaintiff was employed by the defendant at said mine or colliery in such interstate commerce. The amended complaint did not change the allegations as to the manner in which plaintiff received his injuries. The defendant took issue upon the amended complaint and the case came on for trial. In the course of the trial, during examination of a witness, while evidence was being offered to show the disposition of the coal mined, counsel for defendant stated that it used the coal mined in its locomotives in interstate commerce. He said that as a matter of fact and as a matter of law coal which plaintiff mined was used in that way, and that "we are engaged in interstate commerce." At the close of the evidence the defendant moved for the direction of a verdict upon the ground that the evidence had established liability under the Federal Employers' Liability Act, and that as the amended complaint had been served more than two years after the injuries occurred, the action was barred by the statute of limitations. Thereupon plaintiff's counsel moved to

amend the amended complaint by striking out the allegations relating to interstate commerce. The court denied this motion and submitted the case to the jury, upon the issues joined under the common law and Pennsylvania statute. The Circuit Court of Appeals held that the trial court should have granted this motion, but that the case was devoid of any showing that the Federal Employers' Act applied under the circumstances, and that, had it applied, it would have been the controlling law of the case, and the court affirmed the judgment of the District Court.

There is a motion to dismiss for want of jurisdiction of this court to review the judgment of the Circuit Court of Appeals. It is well settled that in order to review the judgment of the Circuit Court of Appeals jurisdiction in the District Court must not have rested upon diverse citizenship alone, but that jurisdiction must in part at least have arisen because of averments showing a cause of action under the Constitution or laws of the United States, and in order to come to this court by writ of error to the Circuit Court of Appeals such allegations of Federal right must be found in the complaint. *McFadden* v. *United States*, 210 U. S. 436. The allegations in that respect must show as a basis of action a substantial controversy respecting the Constitution or laws of the United States. *Hull* v. *Burr*, 234 U. S. 713. In the absence of such allegations in the complaint the jurisdiction of the Circuit Court of Appeals is final. *Roman Catholic Church &c.* v. *Pennsylvania Railroad Co.*, 237 U. S. 575, and *Merriam* v. *Syndicate Publishing Company*, 237 U. S. 619, both decided June 1, 1915.

The averments of the complaint as to the manner of the receiving of the injury by plaintiff showed conclusively that it did not occur in interstate commerce. The mere fact that the coal might be or was intended to be used in the conduct of interstate commerce after the same was

mined and transported did not make the injury one received by the plaintiff while he was engaged in interstate commerce. The injury happening when plaintiff was preparing to mine the coal was not an injury happening in interstate commerce, and the defendant was not then carrying on interstate commerce, facts essential to recovery under the Employers' Liability Act.

It therefore follows that the jurisdiction of the Court of Appeals in this case was final. The plaintiff in error insists that the Court of Appeals should have reversed the case and remanded it to the District Court with instructions to remand the case to the state court for want of jurisdiction in the Federal court, and this because in the course of the testimony the plaintiff said that he had been a citizen of the United States some years before the action was begun, and the defendant alleges that the record shows, notwithstanding the allegations in its petition for removal, that plaintiff did not remove to New York from Pennsylvania until after the suit was brought, the result being that, if there was no foundation for the suit under a Federal statute, the want of diverse citizenship ousted the jurisdiction of the District Court. Without expressing any opinion as to what the Circuit Court of Appeals should have done, we are not concerned with its action unless we have jurisdiction to review the judgment of that court, which we do not have for the reasons already stated.

*Dismissed for want of jurisdiction.*