## HUDSON & M. R. CO. v. IORIO.

(Circuit Court of Appeals, Second Circuit.   February 6, 1917.)

### No. 169.

1. COURTS ⬡⟲89—TRIAL ⬡⟲142—QUESTION FOR JURY—INFERENCES FROM CIRCUMSTANCES—PRECEDENTS.

Where a question of fact exists, or reasonable men could draw different inferences from circumstances shown without contradiction, the question is for the jury; but, where a rule of decision applicable to the facts has been established by controlling authority, that authority must be followed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 311, 312; Trial, Cent. Dig. § 337.]

2. COMMERCE ⬡⟲27(8)—INJURY TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—EMPLOYMENT IN INTERSTATE COMMERCE.

An employé of a carrier, practically all of whose business was interstate commerce, is not engaged in interstate commerce while placing rails in a pit, where they were to be stored until needed, since the test whether the thing upon which the employé was working at the time of injury was an instrument of commerce depends upon its use in such commerce at the time of injury, not upon remote probabilities, or upon accidental later events.

In Error to the District Court of the United States for the Southern District of New York.

Action by Angelo Iorio against the Hudson & Manhattan Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

Writ of error to review a judgment entered in favor of Iorio (plaintiff below) in the District Court for the Southern District of New York. The plaintiff in error is a corporation operating the underground and underwater railway between New York City and points in New Jersey. Except for such trifling business as may exist between the several stations of its subway on one side or the other of the Hudson river, it is wholly engaged in interstate transportation. Iorio was a trackman in the railroad's employ. At one of the terminals of the road there is (between the tracks) a pit, in which new rails are stored against the time when they may be required for track repairing or any other purpose. Iorio· was assisting in putting rails into this pit, when by the negligence of fellow workmen he fell into the pit and received injuries, to recover for which this action was brought under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]).

Janover, Frankel & Janover, of New York City (Chester E. Frankel, of New York City, of counsel), for plaintiff in error.

Benjamin Davidson and Charles S. Aronstam, both of New York City, for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The single question presented by this record is whether Iorio, at the time of injury received, was engaged in work so closely connected with interstate commerce as to be practically a part of it. Shanks v. Dela-

ware, etc., R. R. Co., 239 U. S. 556, 36 Sup. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797; Chicago, etc., R. R. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941. This question the trial judge put to the jury, which has resolved it in favor of defendant in error. The facts being undisputed, we are required to ascertain whether such finding can be sustained under the rulings of the Supreme Court.

On one hand, it is urged that the act of putting rails in storage for future use as might appear cannot be an act so closely related to interstate commerce as to be a part of it, any more than is the extraction of coal from a mine, for the purpose of operating locomotives in interstate commerce. Delaware, etc., Co. v. Yurkonis, 238 U. S. 444, 35 Sup. Ct. 902, 59 L. Ed. 1397. On the other hand, it is said that the rails, in handling which Iorio was injured, were, humanly speaking, certain to be as much used for the facilitation and performance of interstate carriage as were the bolts which were being taken to repair a bridge regularly used in interstate commerce, a situation considered in Pedersen v. Delaware, etc., Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153.

[1] Where any question of fact exists, or where reasonable men could draw different inferences from circumstances shown without contradiction, the matter is for the jury; but where a rule of decision applicable to the facts as finally established has been laid down by controlling authority, that authority must be followed.

[2] There is plainly a difference between the actual or imminent employment of the bolts in repairing the bridge, as in the Pedersen Case, and the mining of coal wherewith to run interstate locomotives, as in the Yurkonis Case. Whether such difference entails a distinction is a matter upon which opinions might conflict, as the dissent in Supreme Court decisions under this statute clearly shows. But by the latest pronouncement of that court in Minneapolis, etc., Co. v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. —— (January 8, 1917), it is in effect declared that when one claims the benefit of the act here invoked, because of the character or employment of the thing upon which he was working at the time of injury, then the character of that thing "as an instrument of commerce depended on its employment at the time (of injury), not upon remote probabilities, or upon accidental later events."

It cannot be said that the rails which Iorio was engaged in storing against a use that was certainly not imminent, and might never occur, were at the moment engaged in, or practically part of, interstate commerce; for that commerce was going on without any present assistance, either from Iorio, or the rails on which he was working, or the men who were working with him. We therefore hold that the actual employment or use at the moment of injury of the thing upon which the person injured was working is the test of applicability of the statute, under circumstances such as shown here. By that test plaintiff below was not practically engaged in or a part of interstate commerce when he was hurt, and the judgment is reversed.