686        B. & O. R. R. CO. vs. BRANSON.

Syllabus.                                [131

# BALTIMORE & OHIO RAILROAD CO.

## vs.

## DAVID BRANSON.

*Employers' Liability Act: new cause of action; appeals to Supreme Court; reversal; when Court of Appeals will not remand cause for new trial.*

Where the Supreme Court of the United States reverses a decision of the Court of Appeals, the Court of Appeals will not remand the case to the lower court, in order that the declaration may be amended, when it appears upon the record that the accident for which suit was brought occurred over four years before, and that the amendment would constitute a new cause of action, and be barred by limitations.*        p. 688

The Employers' Liability Act (35 Statutes at Large, 65, Comp. Statutes, Supp. 1909, p. 1171) created a new cause of action, and in cases falling within its provisions, it furnishes an exclusive remedy, and supersedes State laws.     pp. 687-688

In cases not covered by the Act, the common law liability of the common carrier continues, and an action, based upon common law principles, may be maintained against it, upon proof of actionable negligence.                     p. 688

*Decided June 28th, 1917.*

---

*But see Chapter 128 of the Acts of 1918, relating to limitations, providing for a new section extending the time when actions may be brought in certain cases, after final decree reversing judgment has been entered by the Supreme Court of the United States.

**Md.]**

A motion to remand the case to the Circuit Court for Allegany County for a new trial and the amendment of the declaration was filed by *Whiting & Eppler* and *Albert A. Doub.*

BURKE, J., filed the following memorandum overruling the motion to remand.

This case came first to this Court upon an appeal by the Baltimore and Ohio Railroad Company from a judgment entered against it in the Circuit Court for Allegany County in favor of David Branson. The Court on May 17, 1916, affirmed the judgment. *B. & O. R. R. Co.* v. *Branson,* 128 Md. 678. The case was then taken by the Baltimore and Ohio Railroad Company upon writ of error to the Supreme Court of the United States and that Court reversed the judgment and remanded the cause to this Court for further proceedings. The Supreme Court filed no opinion, but contented itself by entering upon its records the following notation, viz: "Judgment reversed, with costs upon the authority of *Delaware, Lackawanna & Western R. R. Co.* v. *Yurkonis,* 238 U. S. 439; *Shanks* v. *Delaware, Lackawana & Western R. R. Co.,* 239 U. S. 556; *Chicago, Burlington & Quincy R. R. Co.* v. *Harrington,* 241 U. S. 177-180; *Minneapolis & St. Louis R. R. Co.* v. *Winters, (ante* p).''* The mandate from that Court was received and filed in this Court on March 22, 1917.

The plaintiff below (David Branson) filed an application in this Court asking that the case be remanded to the Circuit Court for Allegany County for retrial upon an amended declaration. This application was overruled by this Court by an order dated May 9th, 1917. The object of this memorandum is to state briefly the reason for denying the motion. The suit was brought under the Federal Employers' Liability Act, approved April 22, 1908.† That Act created a new

---

*\*B. & O. R. R. Co.* v. *Winters,* 242 U. S. 623, 624.

†35 Stat. at Large, 65; ch. 149, U. S. Comp. Stat. Supp. 1909, p. 1171.

cause of action, and in all cases falling within its provisions it furnishes an exclusive remedy and supersedes the State laws. *Second Employers' Liability cases,* 223 U. S. 1; *St. Louis, San Francisco and Texas Ry. Co.* v. *Seale,* 229 U. S. 156; *Taylor* v. *Taylor,* 232 U. S. 363.

In view of the authorities cited by the Supreme Court, it may be supposed that the judgment was reversed *solely* upon the ground that Branson was not employed in Interstate Commerce at the time he suffered the injury sued for. In cases not covered by the Act, the Common Law Liability of the common carrier by rail continues, and an action based upon common principles may be maintained against it upon proof of actionable negligence. The plaintiff did not incorporate in his declaration a count charging a common law liability, but elected to rely for recovery upon the Act. It is now definitely determined that he has no case under the Act, and the Court was asked to remand the case in order that by amendment the cause of action upon which the case was tried, and finally determined adversely to the plaintiff, might be changed into a common law action to enforce a common law liability. This would be by an amendment of the pleadings the introduction of a new or different cause of action. The injury complained of was suffered by the plaintiff about four years ago.

It appears, so far as we are advised by the record in this case, that the plaintiff could not by amendment state a cause of action which would not be in effect the commencement of a new suit, which would be barred by limitations. *Spencer* v. *B. & O. R. R. Co.,* 126 Md. 194; *Hogarty v. Phila. & R. Ry.,* 99 Atlantic, 741; *Seaboard Air Line Ry. Co.* v. *Renn,* 241 U. S. 290.

In such a situation, we followed the usual practice, and denied the motion to remand the case. This, however, does not prevent the bringing of a new suit, if the plaintiff desires to do so.