COLLINS v. ERIE R. CO.

(District Court, W. D. New York. July 18, 1917.)

No. 1237.

1. MASTER AND SERVANT ⬥⇒256(1)—ACTIONS FOR INJURIES—SUFFICIENCY OF COMPLAINT.

In an employé's action for injuries, where the complaint alleged that he was a towerman, and was required to pump water by means of a gasoline engine into a water tank for use of locomotive engines engaged in interstate commerce, it might be inferred, as against a demurrer, that the water was being pumped into the tank for the immediate use of locomotives engaged in such commerce, and that such use was not dependent upon any remote possibilities.

2. COMMERCE ⬥⇒27(5)—"INTERSTATE COMMERCE"—SERVICES OF EMPLOYÉS.

A railway employé, pumping water into a tank for the use of locomotive engines engaged in interstate commerce, is engaged in such commerce, or in work so closely connected therewith as to be a part thereof, where the water is being so pumped for the immediate use of locomotives engaged in such commerce, and such use is not dependent upon remote possibilities.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

At Law. Action by William M. Collins against the Erie Railroad Company. On demurrer to the complaint. Demurrer overruled.

Hamilton Ward, of Buffalo, N. Y., for plaintiff.

Moot, Sprague, Brownell & Marcy, of Buffalo, N. Y. (John W. Ryan, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. [1] As the demurrer admits facts well pleaded, i. e., that plaintiff was a towerman, and as part of his duties was required to pump water by means of a gasoline engine into a water tank for use on locomotive engines engaged in interstate commerce, the fair presumption from the material allegation of jurisdiction is that the water to be pumped into the tank was for immediate use on locomotives operated in interstate commerce. It is, of course, not unlikely that different inferences may be drawn at the trial from what may be testified in relation to the use of the water which may be shown to have been intended for locomotives operating within the state.

In Hudson & Manhattan Ry. Co. v. Iorio, 239 Fed. 855, 152 C. C. A. 641, upon which reliance is placed by defendant, the act of putting rails in storage for future use at the time the plaintiff received injury was held not to be so closely related to interstate commerce as to be a part of it; but in this case the facts are claimed to be distinguishable, in that greater imminence existed between the water and its use in interstate commerce, as obviously the locomotive could not be operated unless supplied with sufficient water for making steam.

The facts in D., L. & W. R. Co. v. Yurkonis, 238 U. S. 439, 35 Sup. Ct. 902, 59 L. Ed. 1397, and C., B. & Q. R. Co. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941, are also asserted to be different from those of this case. In the Harrington Case it was held that

the coal mined by the plaintiff, who was injured, was not so closely related to interstate commerce as to be a part thereof, because of the uncertainty of its being used for fuel by locomotives engaged in interstate 'transportation, while in the Yurkonis Case, though the plaintiff was engaged in mining coal, which was then taken in the coal cars from the switch tracks to a coal trestle, which would ultimately be used in interstate commerce, the Supreme Court held that the mere fact that the coal was to be used in interstate commerce after being mined and transported did not make the injury sustained by the miner an injury sustained while engaged in interstate commerce.

Quite recently, in Southern Railway Co. v. H. E. Puckett, 244 U. S. 571, 37 Sup. Ct. 703, 61 L. Ed. 1321, the Supreme Court decided that a car inspector, who went to the assistance of another employé, injured in a wreck while he was engaged in inspecting cars, and was himself injured by stumbling over some large clinkers in his path, while carrying a jack for raising a derailed car, was nevertheless engaged in interstate commerce, as his act in raising the car was instrumental in opening the way for interstate transportation, even though his primary object was to render aid to a fellow workman.

[2] It must be admitted that, in view of the decisions herein mentioned and the analysis of such decisions by Judge Scott in Giovio v. N. Y. C. R. R. Co., 176 App. Div. 230, 162 N. Y. Supp. 1026, the question is exceedingly close, and I am almost persuaded that this case falls within the principle of those cases, especially the Harrington, Yurkonis, and Iorio Cases, and that at the time of receiving the injury the plaintiff was not engaged in interstate commerce, so as to give him the right to invoke the federal Employers' Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]).

I am, however, reluctant to hold, in view of the allegations of the complaint, that no cause of action is alleged of which this court may take cognizance, as the inference may be drawn from such allegations that the water was being pumped into the tank for the immediate use of locomotives engaged in interstate commerce, and that such use was not dependent upon any remote possibilities. As said by Mr. Justice Holmes in Minneapolis & St. Louis R. R. Co. v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. 358, in speaking of an engine which appears to have been used interchangeably in interstate and intrastate commerce:

"Its next work, so far as appears, might be interstate, or confined to Iowa, as it should happen. At the moment it was not engaged in either. Its character as an instrument of commerce depended upon its employment at the time, not upon remote probabilities or upon accidental later events."

At this time, therefore, on this motion, I hold that the complaint fairly states a cause of action under the federal Employers' Liability Act, and that plaintiff was engaged in interstate commerce, or that his work was so closely connected therewith as to be a part of it. Pedersen v. D., L. & W. R. R. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153.

The demurrer is overruled.