SOUTHERN RY. CO. v. PITCHFORD.

(Circuit Court of Appeals, Fourth Circuit. October 1, 1918.)

No. 1623.

COMMERCE &#127;&#61;&#62;27(5)—FEDERAL EMPLOYERS' LIABILITY ACT—SERVANT ENGAGED IN "INTERSTATE COMMERCE."

A railroad employé, who cleaned and iced intrastate and interstate cars, and who was proceeding to get the ice when injured, was not engaged in interstate commerce, authorizing suit under the federal Employers' Liability Act (Comp. St. 1916, §§ 8657–8665), for he was not so employed in interstate commerce as to be practically a part of it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

Pritchard, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Action by George W. Pitchford against the Southern Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

Thomas B. Gay, of Richmond, Va. (Munford, Hunton, Williams & Anderson, of Richmond, Va., on the brief), for plaintiff in error.

H. M. Smith, Jr., of Richmond, Va. (Smith & Gordon, of Richmond, Va., on the brief), for defendant in error.

Before PRITCHARD and WOODS, Circuit Judges, and CONNOR, District Judge.

WOODS, Circuit Judge. In this action, brought under the federal Employers' Liability Statute (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]), George W. Pitchford recovered a judgment against Southern Railway Company for injuries received in its yard at Richmond. Refusing to direct a verdict in favor of defendant, the District Court submitted to the jury the two questions: Whether the plaintiff was employed in interstate commerce at the time of the injury; and whether the injury was due to any negligence of the defendant. The action having been brought under the federal statute, it is conceded that, if the evidence excluded the inference that

the plaintiff was employed in interstate commerce at the time of the injury, the jury should have been instructed to find for the defendant, without respect to the issue of negligence.

Cars of the defendant, taken from both interstate and intrastate trains, were carried into the defendant's Richmond yard, and there kept until needed. Plaintiff was a regular employé on the yard, known as a car cleaner, his duties being to clear the yard of papers and other refuse, and clean and ice cars, both interstate and intrastate. Every morning a delivery of several thousand pounds of ice was made at the yard. When the ice wagon arrived in response to the call "ice," the plaintiff and other yard employés were required to go to the chute through which the ice came from the wagons to the yard. Their duty was to put a push car on the track, put the ice on, push it to an ice box, and place the ice in the box. It was from this box that plaintiff in the course of his employment took the ice and put it on the cars as it was needed.

On May 21, 1915, plaintiff had finished cleaning a car, and had started on the work of cleaning up the yard, when he heard the call, "Pitchford, the ice is here." In response to the call, he went to the push car to aid in putting it on the track. While waiting by the belt line track for other employés to arrive, he turned to look at an engine approaching on the main track. At that instant, he was struck by a switch engine running rapidly on the belt line track.

But for the accident, the plaintiff with other employés, would have placed the push car on the track, received the ice from the wagons through the chute, pushed the car to the ice box, and removed the ice from the car to the box. After this the plaintiff in the usual course of his employment would have iced from the box cars to be attached to both interstate and intrastate trains. The cars that he would in due course have first iced would have been cars to be used in interstate transportation. Application to these facts of the decisions of the Supreme Court leaves no escape from the conclusion that the plaintiff was not engaged in interstate commerce at the time of the injury, and therefore could not recover under the federal statute.

The familiar test is: Was the employé at the time of injury employed in interstate transportation, or in a work so closely related to it as to be practically a part of it? Shanks v. Delaware, L. & W. R., 239 U. S. 556, 36 Sup. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797.

It is immaterial that the plaintiff's last previous work may have been cleaning an interstate car, or that his next work would certainly have been icing an interstate car from the ice box. Illinois Cent. R. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163; Erie R. Co. v. Welsh, 242 U. S. 303, 37 Sup. Ct. 116, 61 L. Ed. 319; Delaware, L. & W. R. v. Yurkonis, 238 U. S. 439, 35 Sup. Ct. 902, 59 L. Ed. 1397. He had entered upon the work of receiving ice from the chute and transporting it to an ice box. This work was too remote from interstate commerce to be regarded a part of it. Chicago, B. & Q. R. R. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941. The only difference between the case before

us and the case last cited is that Pitchford was engaged in the transportation of ice and Harrington in the transportation of coal.

The District Court should have directed a verdict for the defendant, on the ground that the evidence conclusively proved that the plaintiff was not engaged in interstate commerce at the time of the injury, and therefore could not recover under the federal statute. This conclusion makes the consideration of the issue of negligence and other questions unnecessary.

Reversed.

PRITCHARD, Circuit Judge, dissents.