McLEOD v. SOUTHERN PAC. CO.

(District Court, W. D. Texas, El Paso Division. May 2, 1924.)

No. 975.

1. Commerce ⊂⊃27(1)—Rule as to applicability of federal Employers' Liability Act stated.

A case is not within federal Employers' Liability Act (Comp. St. §§ 8657–8665), unless it appears that plaintiff and defendant both were engaged in interstate commerce at time of injury.

2. Commerce ⊂⊃27(8)—Railroad employee, mining rock for use in repair or improvement of roadbed, held not engaged in "interstate commerce."

Railroad employee, mining rock intended for use in repair or improvement of roadbed being used for interstate commerce, held not engaged in "interstate commerce," within federal Employers' Liability Act (Comp. St. §§ 8657–8665).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

At Law. Action by Charles McLeod against the Southern Pacific Company. On motion to remand to state court. Denied.

Wallace & Cameron, of El Paso, Tex., for plaintiff.
Kemp & Nagle, of El Paso, Tex., for defendant.

SMITH, District Judge. [1] This suit is for damages for personal injuries alleged to have been sustained by the plaintiff, an employee of the defendant, while engaged in mining rock from a quarry intended to be used in repairing the defendant's line of railway, which

was being used in Interstate Commerce. The suit was filed in a state court and removed to this court on petition of defendant on the ground of diversity of citizenship. The plaintiff moves to remand upon the ground that his cause of action arises under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), and is therefore not removable. To bring the case within that act it must appear that the plaintiff and defendant both were engaged in Interstate Commerce at the time of the injury. Looking to plaintiff's petition, I think it clear that the allegations thereof do not show that plaintiff was engaged in interstate commerce at the time of the injury, but the contrary.

[2] A fair interpretation of the allegations of plaintiff's petition are that at the time of the injury to plaintiff he was engaged in mining rock intended to be used in the repair or improvement óf defendant's roadbed. This was not an interstate commerce service, nor so closely connected with such service as to be a part thereof. It has frequently been held that mining, like manufacturing, is not interstate commerce. Oliver Iron Mining Co. v. Lord, 262 U. S. 172, 43 Sup. Ct. 526, 67 L. Ed. 929; Heisler v. Thomas Colliery Co., 260 U. S. 245, 43 Sup. Ct. 83, 67 L. Ed. 237; Hammer v. Dagenhart, 247 U. S. 251, 38 Sup. Ct. 529, 62 L. Ed. 1101, 3 A. L. R. 649, Ann. Cas. 1918E, 724; United Mine Workers v. Coronado Coal Co., 259 U. S. 344, 42 Sup. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762; C., B. & Q. Ry. Co. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941; Delaware, Lackawanna & Western Ry. Co. v. Yurkonis, 238 U. S. 439, 35 Sup. Ct. 902, 59 L. Ed. 1397. As was said by the Court in the case first above mentioned:

"Its character in this regard is intrinsic, is not affected by the intended use or disposal of the product, is not controlled by contractual engagements, and persists even though the business be conducted in close connection with interstate commerce."

See Cornell v. Coyne, 192 U. S. 418, 24 Sup. Ct. 383, 48 L. Ed. 504; Browning v. Waycross, 233 U. S. 16, 34 Sup. Ct. 578, 58 L. Ed. 828; Delaware, Lackawanna & Western Ry. Co. v. Yurkonis, supra; General Ry. Signal Co. v. Virginia, 246 U. S. 500, 38 Sup. Ct. 360, 62 L. Ed. 854; Hammer v. Dagenhart, supra; Arkadelphia Milling Co. v. St. L. S. W. Ry. Co., 249 U. S. 134, 39 Sup. Ct. 237, 63 L. Ed. 517; Crescent Cotton Oil Co. v. Mississippi, 257 U. S. 129, 42 Sup. Ct. 42, 66 L. Ed. 166; Heisler v. Thomas Colliery Co., 260 U. S. 245, 43 Sup. Ct. 83, 67 L. Ed. 237.

That the rock which plaintiff was engaged in taking from the quarry at the time he was injured was intended for use in repairing the defendant's roadbed, which was being used for interstate commerce, did not make his employment interstate commerce. I hold, therefore, that the federal Employers' Liability Act does not apply to this case, and that, as the facts alleged show the case to be removable, the motion to remand is denied.