(No. 5105.   May 1, 1929.)

MARY ERMINA HULSE and MARY ERMINA HULSE, Guardian of ESTHER MAY HULSE and EDNA PEARL HULSE, Minors, Respondents, v. PACIFIC AND IDAHO NORTHERN RAILWAY COMPANY, a Corporation, and STATE INSURANCE FUND, Surety, Appellants.

[277 Pac. 426.]

Scatterday & Stone, for Appellants.

James Harris, for Respondents.

GIVENS, J.—Arthur Pierce Hulse was killed in the course of his employment with appellant as a section foreman. His widow sought as a dependent compensation under the Idaho Workmen's Compensation Act (C. S. 1919, secs. 6213–6339, as amended).

Appellant railway is a common carrier engaged in interstate and intrastate commerce. Deceased was employed in maintenance of way work. Each section of the right of way was provided with a gasoline motor-car, and, in addition, the railroad provided an extra one to be used in the event that any of the others were out of commission. When not in such use the company permitted the extra car to be used by two of its sectionmen in traveling to and from their farms at Diamond and for this reason required that it be kept, when not in use, at Midvale, the section headquarters nearest Diamond.

The company permitted this use of the car in order to keep in its service two sectionmen who owned farms near their work. Mr. Young, the general manager of the railroad company, testified that the company did not assume to transport its sectionmen and that in this case it was done temporarily and at the convenience of the company. In addition to permitting its use for going to and fro in their work, the men were permitted to use the ·car, as testified by Superintendent O'Leary, for "their personal use in going to town or anything they wanted." It was an informal arrangement, was not a part of their contract of employment, and while in such use the car could hardly be said to have been in the service of the company.

Hulse, the deceased, for several weeks prior to the fatal accident, had been using the extra motor belonging to the company, pending repairs on his own. He was under instructions to return the company's car to Midvale as soon

as his own was returned to him, and he was engaged in this task at the time of the fatal accident. The evidence indicates that when he left his own section at Fruitvale he was riding his own car and towing the car belonging to the company. Several hours later he was found alongside the tracks, seriously injured, from which injuries he later died. The car on which he was riding was found derailed near by.

The sole question to be determined is whether deceased was engaged in interstate or intrastate commerce at the time he was injured. The general nature of the employee's duties is not determinative of this question. Inquiry must be directed to the particular employment at the precise time of the accident. (*Illinois Cent. R. R. Co. v. Behrens*, 233 U. S. 473, Ann. Cas. 1914C, 163, 34 Sup. Ct. 646, 58 L. ed. 1051; *Colasurdo v. Central R. R.*, 180 Fed. 832; *Foley v. Hines*, 119 Me. 425, 111 Atl. 715; *Ewing v. Coal & Coke Ry. Co.*, 82 W. Va. 427, 96 S. E. 73.)

The test for determining whether any particular employment is a part of interstate commerce has often been declared in the following language:

"Was the employee, at the time of the injury, engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?" (*Shanks v. Delaware L. & W. R. Co.*, 239 U. S. 556, 36 Sup. Ct. 188, 60 L. ed. 436, L. R. A. 1916C, 797.)

In the case of *Morrison v. Chicago, M. & St. P. R. Co.*, 103 Wash. 650, 175 Pac. 325, the supreme court of Washington suggested the following inquiry to determine whether, in any given instance, an employee was or was not engaged in interstate commerce:

"Would the performance of the act in which the employee was engaged directly and immediately tend to facilitate the movement of interstate commerce, or, conversely, would the failure to perform the act directly and immediately interfere with or hinder the movement of such commerce?"

See 10 A. L. R. 1184, note; 14 A. L. R. 732, note; 24 A. L. R. 634, note; 29 A. L. R. 1207, note; 49 A. L. R. 1339, note.

Appellants contend that in returning the motor-car, Hulse was continuing in his employment as a sectionman engaged in maintenance of way work. It cannot be disputed that Hulse's duties, in general, involved maintenance of way, which, it may be conceded, involves interstate commerce (*Williams' Admr. v. Chesapeake & O. Ry. Co.*, 181 Ky. 313, 204 S. W. 292; *Frazier v. Hines*, 260 Fed. 874), and consequently injuries received in such work are within the protection of the federal Employers' Liability Act and conversely are excluded from the protection of the state act. But we are unable to agree that Hulse, *at the time of the accident*, was "engaged in interstate transportation or in work so closely related to it as to be practically a part of it."

This particular employment involved towing a motor-car from Fruitvale to Midvale. For several weeks prior to the accident the car had been used in the furtherance of interstate commerce in maintenance of way work. But that work was completed when Hulse took the car in tow to return it to the place provided by the railroad for its future use. Whether that use would be in interstate transportation or in the furtherance of it was uncertain. Towing a car to permit its use by sectionmen in returning to their farm, or in engaging otherwise in their own business—its next probable use—was too remote from interstate transportation to be classified as such. Its further use in maintenance of way work, in connection with interstate commerce, might be indefinitely in the future. The rule appears to be that when a car or other instrumentality of commerce has completed its interstate business, and has not yet been designated specifically for further interstate business, an employee engaged in switching or otherwise handling it, is not engaged in interstate commerce. (*Illinois Cent. R. R. Co. v. Behrens, supra; Chicago, B. & Q. R. Co. v. Harrington*, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. ed. 941; *Lehigh Valley R. R. Co. v. Barlow*, 244 U. S. 183, 37 Sup. Ct. 515, 61 L. ed. 1070; *Johnson v. Southern Pac. R. R. Co.*, 199 Cal. 126, 49 A. L. R.

1323, 248 Pac. 501; *Ewing v. Coal & Coke Ry. Co., supra;* *Barnett v. Coal & Coke Ry. Co.,* 81 W. Va. 251, 94 S. E. 150; see, also, *Minneapolis & St. L. R. Co. v. Winters,* 242 U. S. 353, Ann. Cas. 1918B, 54, 37 Sup. Ct. 170, 61 L. ed. 358.)

Returning the car to be used in the future in maintenance of way work—assuming such was the case—involved merely a secondary relation with an interstate instrumentality, namely, the right of way or tracks. At the time of Hulse's injury, he was employed in connection with the car and not with a direct instrumentality of interstate commerce. (*Louisville & N. R. Co. v. Carter,* 195 Ala. 382, Ann. Cas. 1917E, 292, 70 So. 655; *Shanks v. Delaware, L. & W. R. Co.,* 239 U. S. 556, 36 Sup. Ct. 188, 60 L. ed. 436, L. R. A. 1916C, 797.) This fact distinguishes this case from *Pedersen v. Delaware L. & W. R. Co.,* 229 U. S. 146, Ann. Cas. 1914C, 153, 33 Sup. Ct. 648, 57 L. ed. 1125, relied on by appellant. There the injured employee's service was directly connected with the maintenance of an instrumentality of interstate commerce, namely, a bridge over which passed the tracks of the railroad.

We believe the situation in this case is analogous to the furnishing of supplies to a railroad. The general rule in this connection is that such an activity is not interstate commerce if it merely consists in the storing or transporting of supplies, which may eventually be used in the furtherance of such commerce. In returning the car, Hulse was merely furnishing a part of the equipment to be used at some future time by a section gang in its work. (*Delaware L. & W. R. Co. v. Yurkonis,* 238 U. S. 439, 35 Sup. Ct. 902, 59 L. ed. 1397; *Chicago, B. & Q. R. Co. v. Harrington,* 241 U. S. 177, 36 Sup. Ct. 517, 60 L. ed. 941; *Lehigh Valley R. Co. v. Barlow, supra; Hudson & M. R. Co. v. Iorio,* 239 Fed. 855, 152 C. C. A. 641.)

We conclude that deceased's employment at the time of his injury was not in interstate transportation or so closely associated with it as to be a part of it. Therefore recovery

was properly sought and allowed under the provisions of the Workmen's Compensation Act of this state.

The judgment is affirmed.

Costs awarded to respondents.

Budge, C. J., Varian, J., and Baker, D. J., concur.

Wm. E. Lee, J., dissents.