## ONLEY v. LEHIGH VALLEY R. CO.

Circuit Court of Appeals, Second Circuit.
December 9, 1929.

No. 81.

Sansone & Gelb and Sol Gelb, all of New York City, for plaintiff.

Alexander & Green, of New York City (Clifton P. Williamson and H. S. Ogden, both of New York City, of counsel), for defendant-appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ▓▓▓ Bearing in mind that the plaintiff has the burden of showing that he was engaged in interstate commerce when injured, we find him doing work which itself sheds no light whatever upon the question to be decided. Testing a fire hose on an engine might be employment either in interstate commerce or intrastate commerce, depending upon whether it was so related definitely to one or the other that it formed a part of it. Since the immediate work he was doing is colorless, we must look for its interstate character, either in what he had previously done or what he was about to do.

▓▓▓ The future is barren of assistance, for he was not employed in preparing for some definite movement, so that his work was a necessary incident of it, and became of like character with it; and nothing is known but that the plaintiff, and we may assume the engine, would have, in the ordinary course of events, done such switching as would have been required. We do not know what would have

been required, except that it might have been wholly interstate switching, wholly intrastate, or partly both. Obviously the plaintiff has not thus shown himself to have been engaged in interstate commerce when injured. Minneapolis & St. Louis Railroad Co. v. Winters, 242 U. S. 353, 37 S. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54. As is said in Erie Railroad Company v. Welsh, 242 U. S. 303, 37 S. Ct. 116, 118, 61 L. Ed. 319, where the future was shown to have held for the plaintiff immediate employment in interstate commerce, "the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act."

Accordingly we must look to the past for all the help we are to get. We find nothing to indicate that any operation of the morning's interstate or intrastate switching was unfinished when the plaintiff stopped for lunch. His next work in oiling the engine is as devoid of significance, in and of itself, as testing the fire hose. We have no occasion to consider whether this oiling was made necessary by the morning's work, and so related to it that it took on the character of that work as a whole, Erie Railroad Company v. Winfield, 244 U. S. 171–173, 37 S. Ct. 556, 61 L. Ed. 1057, Ann. Cas. 1918B, 662; for the oiling was finished without injury to the plaintiff. The hose testing was a detached and isolated piece of work, wholly unrelated to the oiling, and not made necessary, so far as we know, by any interstate movement. Apparently, a suitable time to test the hose having arrived, the engine was withdrawn from service for the time being and taken to a convenient place for the test. This test was not incidental to any other work, but an independent job, which had to be done from time to time to keep the engine and its appliances in proper condition for such use as would be required. As there is nothing to indicate that any previous use of the hose had made the test necessary, we cannot assume that anything more than possible deterioration due to lapse of time, coupled with an opportunity for making the test, prompted the yardmaster to order the test made.

Having failed to show that the test was occasioned by any use in interstate commerce, made in connection with any such commerce, or having at best more than some remote, indefinite relation to commerce, interstate and intrastate generally, the plaintiff has not discharged the burden of proving that he was engaged, when hurt, in performing a task so closely connected to any interstate work that it was a necessary incident of such work, and

to be taken as a part of it. On the contrary, the fact that all previous work had been completed, and no particular work was contemplated, gave rise to the opportunity for taking time to test the hose, and it became a separate and distinct part of the day's work, performed by the plaintiff for no other reason than that the yardmaster happened to order it done when he did. This makes it impossible for the plaintiff to bring himself within the Federal Employer's Liability Act (45 USCA §§ 51–59), as the plaintiffs did in Erie Railroad Company v. Downs (C. C. A.) 250 F. 415 and Dennison v. Payne (C. C. A.) 293 F. 333. Compare Illinois Central Railroad Company v. Behrens, 233 U. S. 473, 34 S. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163; Mayor v. Central Vermont Railway Company (D. C.) 26 F.(2d) 905, affirmed (C. C. A.) 26 F.(2d) 907; Delaware, L. & W. Railroad Company v. Yurkonis, 238 U. S. 439, 35 S. Ct. 902, 59 L. Ed. 1397; Shanks v. D., L. & W. Railroad Company, 239 U. S. 556, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797.

Judgment affirmed.