Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PETER FISH, Respondent, for Compensation under the Workmen's Compensation Law, v. RUTLAND RAILROAD COMPANY and WALKER D. HINES, Director General of Railroads, Appellants.

Third Department, November 12, 1919.

Workmen's Compensation Law — injury to employee of railroad while cutting timber — intended use of timber to repair car used in interstate commerce — burden of proof — when award under State law proper — award against railroad company rather than Director General — practice — reopening claim and increasing award.

A millwright employed by a railroad company who was injured while ripping a piece of timber for the alleged purpose of using the same to repair a caboose used in interstate commerce is *prima facie* entitled to receive an award under the Workmen's Compensation Law, it appearing that the work was never completed and that there is no evidence that the piece of timber was used to repair said caboose.

It is presumed that the case comes within the Workmen's Compensation Law in the absence of substantial evidence to the contrary.

The lumber which the claimant was ripping cannot be said to be an instrumentality of interstate commerce until it was at least on its way to be incorporated in the car or was being placed therein.

As the use of the plank was within the knowledge of the employer, the burden was on it to prove the actual application thereof.

*It seems*, that if the employee had been injured while putting the piece of timber into the caboose a different question would be presented.

The award is properly made against the railroad company instead of against the Director General thereof, especially where the company describes itself as the employer in the report of the injury filed with the State Industrial Commission.

The Commission has power to reopen a claim and make a larger award, especially where the previous award was for an incorrect amount.

APPEAL by the defendants, Rutland Railroad Company and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 31st day of March, 1919

*Cantwell & Cantwell [John M. Cantwell and E. W. Lawrence* of counsel], for the appellants.

*William St. Mary,* for the claimant, respondent.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], and *Bernard L. Shientag,* counsel to the Commission, for the respondent State Industrial Commission.

LYON, J.:

This is an appeal from an award of the State Industrial Commission made to claimant for the proportionate loss of the use of the left hand. He was a millwright in the employ of the defendant, and was engaged in ripping a piece of timber when he sustained the injury. Malone was a terminus of a run between Alburg, Vt., and Malone, N. Y. A caboose had been operated on this run that day and for some time. The claim agent and the general foreman of the Rutland Company make affidavits that the piece of timber when ripped was to be used in repairing this caboose. That the work was ever completed, or that the piece of timber was ever so used, does not appear. The Commission found that the claimant was not engaged in interstate commerce, finding against the intended use. Section 21 of the Workmen's Compensation Law provides that the presumption is, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of the Workmen's Compensation Law. The stick could not be said to be an instrumentality of interstate commerce until it was at least on its way to be incorporated in the car, or on being placed therein.

In *New York Central Railroad Co.* v. *White* (243 U. S. 188) the court says: " The admitted fact that the new station and tracks were designed for use, when finished, in interstate commerce does not bring the case within the Federal Act. The test is ' Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?' *Shanks* v. *Delaware, Lackawanna & Western R. R. Co.,* 239 U. S. 556, 558. Decedent's work bore no direct relation to interstate transportation, and had to do solely with construction work, which is clearly distinguishable, as was pointed out in *Pedersen*

v. *Delaware, Lackawanna & Western R. R. Co.*, 229 U. S. 146, 152. [And see *Chicago, Burlington & Quincy R. R. Co.* v. *Harrington*, 241 U. S. 177, 180; *Raymond* v. *Chicago, Milwaukee & St. Paul Ry. Co.*, 243 U. S. 43.] "

In *Atlantic Coast Line R. Co.* v. *Woods* (252 Fed. Rep. 428), cited by appellant, the yoke or bolt was taken off, and after being rethreaded, again put on the engine hauling interstate trains. In *Pedersen* v. *Delaware, Lackawanna & Western R. R.* (*supra*) the plaintiff was injured while carrying bolts to be used in repairing a bridge used in interstate commerce. In *Grybowski* v. *Erie Railroad Co.* (88 N. J. L. 1; affd., 89 id. 361) the claimant was engaged in cleaning the ash pit to be used in interstate commerce, at the time he was injured. In *Guida* v. *Pennsylvania Railroad Co.* (183 App. Div. 822) the claimant was engaged in cleaning boilers to be used in interstate commerce.

If the claimant at the time he was injured had been engaged in putting the piece of timber into the caboose, a different question might be presented. There is nothing showing that the plank was actually used in repairing the caboose. It was within the knowledge of the employers what use, if any, was made of the plank. The burden was on them, if application be claimed, to prove an actual application.

As to the claim that the award should have been made against the Director General, as the Rutland railroad was then being operated by him, the matter was passed upon adversely by this court in *Bryant* v. *Pullman Company* (188 App. Div. 311). Furthermore, the Rutland Railroad Company describes itself as the employer in the report of this injury which it filed with the Commission.

As to the authority to reopen the claim and make a larger award, this court has frequently passed affirmatively upon the right of the Commission to do so. This is especially true in a case in which the previous award was for an incorrect amount. (*Kriegbaum* v. *Buffalo Wire Works Co., Inc.*, 182 App. Div. 448.)

The award should be affirmed.

Award unanimously affirmed.