.Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of GUISEPPE MALANDRINO, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SOUTHERN NEW YORK POWER AND RAILWAY CORPORATION, Employer and Self-Insurer, Appellant.

Third Department, March 3, 1920.

**Workmen's Compensation Law — injury in course of employment — loss of eye from spark from fire kindled by employee — when employee not engaged in interstate commerce.**

A person employed by a trolley company who, while engaged in shoveling gravel into wagons on a cold day in November, lost the use of one of his eyes through a spark from a fire which he had kindled to warm himself and his fellow-workers during intervals between the loading of the wagons, suffered an injury arising out of and in the course of his employment and is entitled to an award under the Workmen's Compensation Law.

Where the employer was chartered for the primary purpose of operating a trolley line wholly within this State, and at the time of the injury the gravel which the employee was shoveling into wagons was to be used for the ballasting of the employer's roadbed, he cannot be considered to have been engaged in interstate commerce so as to oust the State Industrial Commission of jurisdiction, although the employer sometimes transported cars engaged in interstate commerce.

APPEAL by the defendant, Southern New York Power and Railway Corporation, from an award of the State Industrial Commission, made on the 1st day of July, 1919, and entered in the office of said Commission.

*N. P. Willis*, for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

WOODWARD, J.:

No question is raised here but that the claimant suffered an injury resulting in the loss of one of his eyes while employed by the Southern New York Power and Railway Corporation. The record fails to disclose the usual notices on the part of the claimant and the report of the accident by the employer, and no information as to the character of the employment is given, except such as may be inferred from its name and the testimony of a freight agent to the effect that this railway, evidently a trolley line, at times accepted freight for transportation in interstate commerce. The theory of the defense is, *first*, that the claimant was not injured out of and in the course of his employment, and *second*, that the employment was that of interstate commerce and, therefore, out of the jurisdiction of the State Industrial Commission.

We are of the opinion that neither of these propositions is sound. The evidence is that the claimant, with others, was sent to a gravel bank to shovel gravel into wagons; that these wagons were driven a short distance and the loads dumped into work cars and the gravel was carried away, presumably for the purpose of ballasting the employer's tracks, though the exact purpose does not clearly appear. The work was being carried on late in November, 1917, and the testimony of the claimant and others is to the effect that after shoveling a short time the claimant threw down his shovel and undertook to build a bonfire; that while so engaged a spark flew into his eye, producing the injury for which he has been awarded the statutory allowance for the loss of an eye. Much time is devoted to testimony tending to establish that there was no necessity for a fire at that time and place, but there is evidence that the morning was cold, and we are of the opinion that

building a bonfire to warm himself and his fellow-workers during the intervals between the loading of wagons, was not an abandonment of the employment, but must be accepted as fairly incidental to the work in hand. Assuming that it was not absolutely essential, it was clearly such a measure of effort looking to the comfort of the men that it would be natural to expect a group of American laborers to require it, and we see no reason for disturbing the conclusion of the State Industrial Commission in this regard.

We are equally clear that the claimant was not engaged in interstate commerce at the time of this accident. Assuming that this railway at times transported freight in interstate commerce, it was undoubtedly chartered for the primary purpose of operating a trolley line wholly within the State of New York, and any transactions of interstate commerce were incident to this purpose. The work in which the claimant was engaged was clearly not interstate transportation. He was employed at the time in assisting to load gravel into a wagon. The wagon, in turn, was driven to a point upon a siding and the load was dumped into a work-train car, and it is assumed, rather than proved, that this gravel was then transported, not as interstate commerce, but as ballast for a railroad primarily designed for intrastate carriage of passengers, and incidentally in interstate commerce. The test is, " Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it ? " If the railroad company had found the claimant upon the street and had engaged him to shovel gravel in a gravel pit, no one would have thought of him as being engaged in interstate transportation, and the case is not different because the claimant had been employed a few days as a section hand, and had then been set at the work of shoveling gravel away from the right of way and off the premises of the employer. We conceive that when the gravel was loaded into a wagon and the wagon had departed from the gravel pit and the load had been dumped, there was an end of the claimant's relation to the gravel. The fact that the employer may have subsequently carried the gravel to a point upon its right of way and used it to ballast some of its tracks which may at some future time be used in transporting inter-

state commerce is altogether too remote from the transportation. The requirement is that the employee shall, at the time of the injury, be engaged in interstate transportation, or in work so closely related to it as to be practically a part of interstate transportation (*Shanks* v. *Delaware, Lackawanna & Western R. R. Co.*, 239 U. S. 556, 558; *Fish* v. *Rutland R. R. Co.*, 189 App. Div. 352, 353), and there is no evidence here that any interstate commerce was moving over the employer's railroad on the day of the accident, or that the shoveling of gravel into a wagon, outside of the employer's right of way and off its premises, was necessary to the movement of any such interstate transportation at that time. It is an intimate relation to interstate commerce actually moving at the time of the accident which is important, and we are of the opinion that the decision in *Fish* v. *Rutland R. R. Co.* (*supra*) does not support the appellant's contention.

The award should be affirmed.

Award unanimously affirmed.