Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ROSE SACCOMANNO, Respondent, for Herself and Minor Dependents, *v.* GRASSE RIVER RAILROAD CORPORATION, Employer, and THE LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, May 14, 1920.

**Workmen's Compensation Law — decedent not engaged in interstate commerce — award sustained — presumption under section 21.**

Where the evidence does not show that the decedent had any connection with interstate commerce except such as can be inferred from the fact that he was a section foreman employed by a railroad corporation engaged

in interstate and intrastate commerce, and it can be reasonably inferred that he was engaged on new construction, an award should be sustained, in view of the presumptions authorized by section 21 of the Workmen's Compensation Law.

Cochrane and H. T. Kellogg, JJ., dissent.

Appeal by the defendants, the Grasse River Railroad Corporation and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 3d day of November, 1919.

*D. Theodore Kelly* and *Howard B. Harte,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent.

*Bernard L. Shientag,* counsel for Industrial Commission.

Kiley, J.:

Frank Saccomanno, section foreman, in the employ of the appellant Grasse River Railroad Corporation, was instantly killed on October 22, 1918, at about six-forty-five A. M. The conditions and circumstances under which he met his death are briefly as follows: On the night of October 21, 1918, Saccomanno told his men under him that they would work in the lumber yard. On the morning of the twenty-second he left his home at six-thirty A. M. for his work; his day commenced at seven A. M. At six-forty-five he arrived at appellant's yard at his place of work, and was standing on a side track waiting for the men to arrive; as they came to where he was he told them that as he did not have any ties he was not going to work in the lumber yard that day; but that they should get their lunch before they left for work and that they would go back to Silver Lake. A car came along at that junction, without warning, struck the foreman and killed him. It appears that the work planned for the twenty-second of October, the day of the accident, "was repairing ties under the rails, for an extension of about two miles from a point known as Cranberry Lake." The place to which the men were directed to return, because of absence of ties, was the "Silver Lake Branch;" and that is where they were at work the day before the accident. The dependents of the deceased, claimants here, were awarded compensation. The

employer and insurance carrier appeal and ask that the award be set aside and claim dismissed upon the ground that the decedent was engaged in interstate commerce at the time he met his death. If decedent was engaged in interstate commerce, his dependents would have a claim under the Federal law. If engaged in intrastate commerce they are right in the tribunal which they have selected for relief. Some confusion arises here because the Silver Lake branch, where the deceased was on his way to work, or, at least, the place for which he was about to start, is not identified as the " extension of about two miles from a point known as Cranberry Lake " which is the terminal of the road. The work to be done, with reference to that extension, " was repairing ties under the rails," not upon a road then in existence; so that it can reasonably be inferred that the work intended before the order was countermanded was new construction. It appears that the employer is engaged in interstate and intrastate commerce. The evidence does not show that the deceased had any connection with interstate commerce except such as can be inferred from his position as section foreman. The work which he started to do on the morning in question, viz., in the lumber yard, would not usually be such work as his men would be called upon to do, unless it was to load and carry away the ties. It does not appear for what the Silver Lake branch was used; neither does the record show its connection with the main line. It would seem that under section 21 of the Workmen's Compensation Law as to presumptions, we cannot disturb this award. In *Malandrino* v. *Southern N. Y. Power & Railway Corp.* (190 App. Div. 780), decided at March, 1920, term, a similar question was before this court; the award was sustained. *Shanks* v. *D., L. & W. R. R. Co.* (214 N. Y. 413); *Fish* v. *Rutland Railroad Co.* (189 App. Div. 352), and *Matter of Plass* v. *Central N. E. R. Co.* (226 N. Y. 449) are against the appellants.

The award should be sustained.

All concur, except COCHRANE and H. T. KELLOGG, JJ., dissenting.

Award affirmed.