## KELLEY v. NORFOLK & W. RY. CO.

Circuit Court of Appeals, Sixth Circuit.
June 10, 1927.

No. 4769.

Commerce ⬤➝27(6)—Injury while engaged in moving empty cinder cars from one state to another held sustained in interstate commerce (Employers' Liability Act [Comp. St. §§ 8657–8665]).

Where railroad employee was injured while engaged in moving empty cinder cars from one state to another, under orders to return with material to be used in track construction, before train actually crossed into latter state, *held*, that injury arose in interstate commerce, and was governed by federal Employers' Liability Act (Comp. St. §§ 8657–8665), notwithstanding movement of cars was incidental to track construction work.

In Error to the District Court of the United States for the Eastern Division of the Southern District of Ohio; Benson W. Hough, Judge.

Action by Richard M. Kelley against the Norfolk & Western Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

D. F. Anderson, of Youngstown, Ohio (Anderson, Lamb & Marsteller, of Youngstown, Ohio, on the brief), for plaintiff in error.

James I. Boulger, of Columbus, Ohio (Henry Bannon, of Portsmouth, Ohio, on the brief), for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. The jurisdictional question here depends on the applicability of the federal Employers' Liability Act (Comp. St. §§ 8657–8665), and that in turn upon whether plaintiff and defendant were each engaged in interstate commerce at the time the plaintiff received the injuries for which he sued. The lower court held that the plaintiff was not so engaged, and directed a nonsuit upon that ground. Briefly stated, the facts are:

Defendant was engaged in constructing tracks for a new yard, one of which known as the "industrial lead track," about three-quarters of a mile in length, led from its main interstate track to the new yard under construction. No freight had been received or delivered upon the new tracks. The state line of Virginia and West Virginia crossed the industrial lead track a few feet east of its juncture with the main line. Shortly before the injury, the crew to which plaintiff belonged had crossed the state line to the lead track with an engine and caboose. Another crew had left on one of the storage tracks, diverging from the lead, some cars of cinders, which had also been brought across the state line. After unloading these cinders on the new tracks, plaintiff's crew was ordered by the conductor in charge to take the empty cars, from which the cinders had been dumped, into the yard in Virginia, and then to couple to some cars loaded with rails, tiles, or other material, and place them along the main line. While moving the cars along the lead track in obedience to this order, but while in the state of West Virginia, plaintiff received the injuries of which he complains.

The position of defendant is that the particular enterprise of constructing the new tracks was not interstate commerce, and that as plaintiff was engaged, at the time of his injury, in operating a train on one of those tracks, and had not been engaged in any activity during the day save that of carrying cars and materials to and from those tracks, he likewise was not engaged in such commerce. With this conclusion we cannot agree. The proof shows that the cars which plaintiff's crew was moving at the time of his injury had been brought across the state line to be unloaded and to be returned to the state of Virginia. The movement which resulted in his injury had as its destination Virginia, which would have been reached almost immediately, except for the interruption caused by the injury. The case, therefore, is one where the injured employee was engaged in the transportation of empty cars from one state to another. His status is not different in any essential respect from what it would have been, had he been engaged in bringing the cars loaded with ballast for the new tracks from Virginia into West Virginia.

In that case we cannot doubt that his status would be determined, not by the character of work being done in the new yard, but by the character of the transportation in which he was engaged, that of moving freight for his employer from one state to another, as definitely interstate commerce in its nature as the transportation of freight for the public between states. The fact that the cars were empty, and that their movement was incidental to construction work, does not give color to his service as against the character fixed by the interstate movement. In Railroad Co. v. Zachary, Adm'r, 232 U. S. 248, 34 S. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159, the Supreme Court said: "But, were it so, the hauling of empty cars from one state to another is, in our opinion, interstate commerce within the meaning of the act. Such is the view that has obtained with respect to empty cars in actions based upon the Safety Appliance Act of March 2, 1893 (27 Stat. 531, c. 196 [Comp. St. §§ 8605–8612]). Johnson v. Southern Pacific Co., 196 U. S. 1, 21 [25 S. Ct. 158, 49 L. Ed. 363]; Voelker v. Railway Co. [C. C.] 116 F. 867, 873. And the like reason applies, as we think, to actions founded upon the Employers' Liability Act, which, indeed, is in pari materia with the other."

It was argued in that case that, inasmuch as the deceased had not previously participated in the movement of interstate freight, and his engine had not been attached to the interstate cars, he was not employed in interstate commerce; but the court said: "It seems to us, however, that his acts in inspecting, oiling, firing, and preparing his engine for the trip to Selma were acts performed as a part of interstate commerce, and the circumstance that the interstate freight cars had not as yet been coupled up is legally insignificant." See, also, Pederson v. Del., Lack. & Western R. Co., 229 U. S. 146, 151, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; St. Louis, San Francisco & T. Ry. v. Seale, 229 U. S. 156, 161, 33 S. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156.

The Supreme Court has frequently construed the Employers' Liability Act in rela-

tion to specific facts, applying the test that the employee, at the time of the injury, must have been engaged in interstate transportation, or in work so closely related to it as to be practically a part of it, in order to displace state jurisdiction. California, etc., v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 888, turned upon the duration of the withdrawal of the engine from interstate commerce as distinguished from the interruption of such use and the return to it; and in Raymond v. Railway Co., 243 U. S. 43, 37 S. Ct. 268, 61 L. Ed. 583, although the employee was engaged upon new construction work which had not been used in interstate commerce, yet, unlike the case here, he was not engaged in operating a train or transporting cars from one state to another. In New York Central R. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629, the employee was guarding tools and materials *intended* for use in the construction of a railroad station and new tracks which, when finished, would be used in interstate commerce; and Delaware, L. & W. R. Co. v. Yurkonis, 238 U. S. 439, 35 S. Ct. 902, 59 L. Ed. 1397, involved injuries to a miner engaged in mining coal which might have been used in interstate commerce after being mined. These and other cases cited by defendant are wholly unlike the instant case, where plaintiff was engaged in transporting cars—empty, to be sure, but not the less commerce under the Zachary Case—from one state to another. This interstate movement fixed the character of his service for the time as that of interstate commerce and brought him within the provisions of the Employers' Liability Act.

Judgment reversed.