# Lombardo v. Pittsburgh & Lake Erie Railroad Company, Appellant.

*Carriers—Interstate carriers—Negligence—Personal injuries—Federal Employers' Liability Act—Act of Congress of April 22, 1908, c. 149, sec. 1, U. S. Comp., Stat., 1916, vol. 8, sec. 8657, p. 9388—Statement of claim—Sufficiency—Instrumentality used in Interstate Commerce—Repairs to—Repairs and original construction distinguished—Evidence—Charge of court—Case for jury.*

In an action of trespass under the Federal Employers' Liability Act, a statement of claim, which avers that both plaintiff and defendant were engaged in interstate commerce, and that plaintiff was injured through the negligence of defendant's employees while employed in repairing a turntable used in interstate commerce, is sufficient to bring plaintiff within the provisions of the act.

In such action the case was for the jury and a verdict for plaintiff will be sustained, where there was evidence that plaintiff was injured through the negligence of defendant's employees while employed in enlarging a turntable used by defendant in interstate commerce.

An employee engaged in the repair, rebuilding, replacement or enlargement of an interstate instrumentality after it has been so characterized by use, as distinguished from an original construction, which has never been dedicated to, although intended for use in, interstate commerce, is engaged in interstate commerce.

The question is not whether the instrumentality, so repaired, reconstructed or enlarged, is entirely made of new material or of a new design or of a larger size, but whether or not it is still the

original instrumentality repaired, reconstructed or enlarged, re-
taining the same location and existing for the same purpose. Re-
pairs may be made by replacing an instrumentality in whole or in
part, so long as the purpose is to remedy a defect or supply an
insufficiency.

Argued April 20, 1927.   Appeal No. 9, April T., 1927,
by defendant from judgment of C. P. Lawrence
County, June T., 1924, No. 100, in the case of Joseph
Lombardo v. Pittsburgh & Lake Erie Railroad Com-
pany. Before Porter, P. J., Henderson, Trexler,
Keller, Linn, Gawthrop and Cunningham, JJ. Af-
firmed.

Trespass for damages for personal injuries under
the Federal Employers' Liability Act.   Before Hen-
ninger, P. J., Fiftieth Judicial District, Specially Pre-
siding.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $1,176 and judg-
ment thereon.   Defendant appealed.

*Errors assigned,* among others, were the charge of
the court and refusal of defendant's motion for judg-
ment non obstante veredicto.

*J. N. Martin,* of *Martin & Martin,* for appellant,
cited: Todd v. Railway Co. (D. C.), 291 Fed. Rep.
910; Sullivan v. B. & O. R. R. Co., 272 Pa. 429; In-
dustrial Accident Commission v. Payne, 259 U. S. 182;
Shanks v. D. L. & W. R. R. Co., 239 U. S. 556; D. L.
& W. R. R. Co. v. Yurkonis, 238 U. S. 439; C. B. & Q.
R. R. Co. v. Harrington, 241 U. S. 177; I. C. R. R.
Company v. Behrens, 233 U. S. 473.

*Jas. A. Chambers,* of *Chambers & Shumaker,* for
appellee, cited: Smith v. Philadelphia & Reading Ry.,
288 Pa. 250; Raymond v. Chicago etc. R. Co., 243 U.
S. 43, 37 S. Ct. 268.

OPINION BY CUNNINGHAM, J., July 8, 1927:

Plaintiff, an employe of the Pittsburgh and Lake Erie Railroad Co., appellant herein, was injured while engaged in certain excavating work around a turntable in the yards of appellant near New Castle Junction, Lawrence County, Pa. Alleging that his injuries resulted from the negligence of other employes of appellant and that at the time it was a common carrier by railroad engaging in commerce between the States of Pennsylvania and Ohio and that he was employed in such commerce, plaintiff brought his action for damages in the Court of Common Pleas of Lawrence County, under the provisions of the Act of Congress of April 22, 1908, c. 149, Sec. 1, U. S. Comp. Stat. 1916, Ann., Vol. 8, Sec. 8657, p. 9388, known as the Federal Employers' Liability Act. A statutory demurrer was filed to the statement of claim, assigning as grounds therefor that plaintiff had not brought himself under the statute by the averments in this pleading, which demurrer was overruled, and appellant then filed an affidavit of defense denying in substance that plaintiff at the time of his injury was employed in interstate commerce and denying negligence on the part of appellant or its employes. The trial resulted in a verdict in favor of plaintiff in the sum of $1,176. A new trial having been refused and defendant's motion for judgment n. o. v., based upon its point for binding instructions, having been denied, this appeal was taken. The assignments charge error: (a) in overruling the statutory demurrer; (b) in refusing defendant's first, second, third, fifth and sixth points for charge, in which the trial judge was requested to charge that the work in which plaintiff was engaged was the construction of a new turntable; that there was no proof of any negligence of any of the officers, agents or employes of defendant resulting in the injuries; that plaintiff had not shown a right of action under the statute; and that

under all the evidence defendant was entitled to the verdict; and (c) in certain portions of the general charge.

1. The averments of the statement challenged by the demurrer may be thus summarized: That defendant at the time of the injury was engaged in operating a line of interstate steam railway from Pennsylvania into and through Ohio; that it maintained near New Castle, Pa., a station, yards, turntables and other instrumentalities used by it and necessary for the carrying on of its business of interstate commerce, among which was a turntable used and necessary for the purpose of turning engines used in interstate commerce; that, in order that the turntable might be a more useful instrumentality, defendant was engaged in enlarging and repairing it and plaintiff was employed by defendant in making an excavation about ten feet in depth wherein and whereby it might be repaired and enlarged; that the work of excavating was carried on by employes of defendant shoveling dirt dug from the depth of the excavation upon a bench of earth, which dirt was then shoveled by plaintiff and other employes from the bench to the top of the excavation; that the bank of earth upon which plaintiff was standing was four or five feet in height above the bottom of the excavation and was composed largely of cinders and other hard substances; that the employes of defendant engaged in digging and excavating at the bottom of the excavation "without the knowledge of plaintiff, negligently and carelessly dug and excavated under the block of earth upon which plaintiff was standing so that the same became undermined, unsafe and insecure"; and that by reason of the negligent undermining of the bank upon which plaintiff was working it broke away from the walls of the excavation and he was thrown to the bottom of the excavation receiving the injuries for which suit was brought.

Under Section 6 of the Federal Employers' Liability Act, as amended, concurrent jurisdiction to hear and determine actions thereunder is conferred upon courts of the several states and the applicable provisions of Section 1 of the Act are that "Every common carrier by railroad while engaging in commerce between any of the several states ...... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ......... for such injury ...... resulting in whole or in part from the negligence of any of the officers, agents or employes of such carrier ........." We agree with the court below that the averments of the statement were sufficient to bring plaintiff within the provisions of this statute. They amounted in substance to pleading that both defendant and plaintiff were engaged in interstate commerce; that the turntable was an instrumentality of that commerce and that plaintiff was injured through the negligence of defendant's employes while employed in repairing this instrumentality. The first assignment of error is accordingly dismissed.

2. By its first, second and fifth points appellant requested the trial judge to charge that at the time of the injury plaintiff was engaged in the construction of a new turntable and under all the evidence did not have a right of action under the statute. The refusal of these requests and the references in the general charge to this subject, assigned for error in the second, third, sixth, seventh and ninth assignments, may be considered together. One of the controverted questions at the trial was whether the work in which plaintiff was engaged was the construction of a new turntable or the repair and enlargement of an existing one. There was no conflict in the evidence with respect to what was done but the parties sought to have different conclusions drawn from these undisputed facts. It is essential of course to the maintenance of

this action that it appear from the pleadings and evidence that both parties were engaged in interstate commerce. There could be no serious dispute under the evidence about the fact that the old turntable, which was seventy feet in diameter, had been in use for a number of years in both interstate and intrastate commerce, but the significance of the points and the excerpts from the charge now under discussion arose out of the contention by defendant that plaintiff was not employed in interstate commerce. There are two lines of cases in the Federal courts requiring consideration in the disposition of this case: Pederson v. Delaware L. & W. R. Co., 229 U. S. 146, is an illustration of the first; and Raymond v. Chicago, etc., R. Co., 243 U. S. 43, of the second. In the Pederson case plaintiff was injured while carrying, under the direction of a foreman, some bolts or rivets from a tool box to a bridge where they were to be presently used in repair work consisting of the taking out of an existing girder and replacing it with a new one. The bridge could be reached only by passing over an intervening temporary bridge. Both interstate and intrastate commerce passed over these bridges. Pederson was injured while passing over the temporary bridge by an intrastate passenger train. It was held that he was employed in interstate commerce as "the work of keeping such instrumentalities in a proper state of repair while thus used is so closely related to such commerce as to be in practice and in legal contemplation a part of it." On the other hand, in the Raymond case plaintiff was injured while engaged in the construction of a tunnel for an interstate railroad. The tunnel was intended to be used when completed as an instrumentality of interstate commerce but it had never been so used. It was there held that the injuries had not occurred in interstate commerce as the work was new construction work. In charging the jury

the trial judge stated that there was no controversy as to the fact that defendant maintained a turntable at the point in question and "no controversy as to the fact that they were changing that turntable to a larger size and that the plaintiff was injured in excavating for the enlargement." A little later in the charge the jury was told that, if they found certain facts, then as a matter of law the plaintiff under such facts should be considered as employed in interstate commerce. The excerpt assigned for error reads: "We therefore instruct you that if the plaintiff was excavating to change the old turntable into a larger one, and if the old turntable was an instrumentality used in interstate commerce, he was engaged in interstate commerce while excavating. The instructions that we give are taken by the stenographer and are subject to review. So if you find that the old turntable was an instrumentality used in interstate commerce and the plaintiff was excavating to enlarge it, he was engaged in interstate commerce."

Were these instructions erroneous under the evidence? The material facts appearing in the evidence relating to this branch of the case were that the existing turntable was used at times to turn engines operated in interstate commerce. This turntable was operated upon a stone base about three feet square at its top and located in the center of a circular pit seventy feet in diameter and approximately ten feet deep. Its construction consisted of a steel turret with steel uprights or arms and a steel table carrying the ties and rails. Around the outside of this pit there was a retaining wall carrying a track upon which the wheels at each end of the table operated. By the latter part of 1923, this turntable proved inadequate in that it was not large enough to turn all of defendant's engines and defendant had an arrangement for the use when necessary of a nearby turntable belonging to

another railroad company.  In order to provide the necessary space for a larger turntable, defendant made a circular excavation around the outside of the existing wall, approximately ten feet in width and from nine to eleven feet in depth, and constructed a new concrete retaining wall around the inside of this excavation, thereby increasing the diameter of the pit from seventy to ninety feet.  The old wall and the old turntable operating within and upon it were then removed from the pit.  The stone base upon which the former table revolved was not removed but was prepared for the new turntable by having a few inches of concrete grouting taken from its top and a steel disc placed thereon.  A new turntable, with uprights or arms forty-five feet in length instead of thirty-five as in the old table, was placed upon the base and operated in the enlarged pit.  It was in operation within two months after the old one was removed. Plaintiff was injured while helping to increase the diameter of the pit and while the old table was still in use.  There was evidence from which the jury could find these facts and in our opinion the trial judge was justified in instructing them that if they so found then, under the decisions applicable to such a state of facts, the plaintiff was employed by defendant in interstate commerce.  The decisions on this question are not free from diversity and the case of Seaver v. Payne, Director General of Railroads, 190 N. Y. St. 724, cited by appellant, seems to be out of harmony with the general trend of the cases.  The test, as defined in the Pederson and similar cases, is:  Was the work in question a part of the interstate commerce in which the carrier was engaged or so closely connected therewith as to be a part of it?  It is sometimes difficult to draw the line of demarcation between construction work and repair or maintenance work but we think the learned trial judge made a proper distinction in this

excerpt from his opinion denying appellant's motion for judgment non obstante: "A careful study of the authorities called to our attention has convinced us that the dividing line between the two classes of cases is whether the construction is an original construction, never having been dedicated to Interstate Commerce, or whether it is the repair, re-building, replacement or enlargement of an Interstate instrumentality after it has been so characterized by use. The question is not whether the instrumentality, when repaired, reconstructed or enlarged, is entirely made of new material or of a new design or of a larger size, but whether or not it is still the original instrumentality repaired, reconstructed or enlarged, retaining the same location and existing for the same purpose. Repairs may be made by replacing an instrumentality in whole or in part, so long as the purpose is to remedy a defect or supply an insufficiency. The object of enlarging the turntable was to supply a deficiency, therefore the rebuilding of it belongs to the operations designated as repairs when distinguishing from original constructions." This principle is illustrated and enforced by the decisions holding that an employe engaged in replacing an old bridge with a new one (Long v. Lusk, 124 Ark. 127); an employe working on a pier being constructed under a bridge which was intended to support a new bridge on that location and temporarily to support the old bridge until the new was built (State v. Construction Co., 91 Wash. 181); and a carpenter engaged in enlarging a repair shop used in interstate commerce (Thompson v. Cincinnati Railroad Co., 165 Ky. 256) were all engaged in such commerce. Defendant's first, second and fifth points were properly refused, and its third point, which asked the court to charge that there was no proof of negligence of its employes resulting in plaintiff's injuries, could not be affirmed under the

evidence. The second, third, sixth, seventh, eighth and ninth assignments are dismissed.

3. The remaining assignments relate to the instructions in the general charge concerning assumption of risk and alleged negligence of appellant's employes and to the refusal of binding instructions. Under the provisions of the statute appellant is liable for injuries resulting in whole or in part from the negligence of its employes, but, as it is not charged in this case that the violation of any Federal statute enacted for the safety of employes contributed to the injury, the defense of the assumption of risk was open to appellant. There was evidence from which an inference of negligence could be drawn by the jury. One of plaintiff's fellow employes gave the following account of the accident: "Q. What happened there that day to Joe [plaintiff]? A. Me working down here, and that piece break in two pieces, one fellow fall on this side and other fellow fall on that side. That is all I see. Q. Where were you and the others digging when Joe fell? A. In front; at side, and under him. Q. And that was when you were digging at the bottom? A. About four or five feet below them fellows." The questions of the negligence of appellant's employes, the assumption of the risks of the employment by plaintiff and the effect of his contributory negligence, if he was guilty of any contributory negligence, were submitted to the jury in instructions which were adequate and free from error. The jury was told in substance that, if the unusual danger created by the alleged negligence of the other employes was so apparent that a person of ordinary care and prudence must have seen it, the plaintiff would be held to have assumed the risk thereof. The instruction was as favorable as appellant was entitled to have. Under all the evidence binding instructions for defendant would not have been proper.

The remaining assignments are overruled and the judgment is affirmed.