WILLIAM J. HEWLETT, Respondent, *v.* DEL BALSO CONSTRUCTION CORPORATION et al., Defendants, and DEL BALSO & SPRAGUE, INC., Defendant-Appellant.

Supreme Court, Appellate Term, Second Department, May 25, 1943.

*Max L. Rothenberg* for appellant.

*Asher Zeide* for respondent.

*Per Curiam.* Judgment unanimously reversed upon the law, with costs to defendant Del Balso & Sprague, Inc., and complaint dismissed, with costs.

Plaintiff sues to recover overtime compensation, liquidated damages and a counsel fee pursuant to the provisions of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). During the period in suit plaintiff was employed by defendant Del Balso & Sprague, Inc., as a watchman on a new highway being constructed underneath tracks of the Long Island Railroad, which had been elevated as part of the grade crossing elimination plan. The highway under construction was intersected by city streets. At each intersection there were holes for catch basins surrounded by barricades placed in the intersecting streets. It was the plaintiff's duty to place lighted lanterns on these barricades for the protection of traffic on the intersecting streets which crossed the new highway during the course of its construction. During the period in question some motor vehicles bearing licenses of other states were seen on the intersecting streets. Plaintiff's employment was terminated when the highway was officially opened although the highway had been used by traffic of an undisclosed nature for some months before. Upon the foregoing facts, the court below found that the plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

By the terms of the Act an employer must pay prescribed minimum wages " to each of his employees who is engaged in commerce or in the production of goods for commerce " and overtime compensation must be paid " any of his employees who is engaged in commerce or in the production of goods for commerce — ". (U. S. Code, tit. 29, §§ 206, 207.) Production of goods for commerce is defined in section 203, subdivision (j): " for the purposes of this chapter an employee shall be deemed to have been engaged in the production of goods [for commerce] if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, *or in any process or occupation necessary to the production thereof, in any State.*" (Italics supplied.) The definition of commerce is far more restricted. It "means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof." [§ 203, subd. (b).] The statute was not intended to regulate the entire field of interstate commerce which the Congress could constitutionally regulate. (*Kirschbaum Co.* v. *Walling,* 316 U. S. 517, 522, 523.) The limitations of the statute are implicit in the distinction between the two categories of employment — " production of

goods for commerce '' and '' commerce ''. The latter category '' was not intended to include within its scope that wide field of activities which remotely *affect* interstate commerce.'' (*Stoike* v. *First National Bank*, 290 N. Y. 195, 202.)

In this case plaintiff was not engaged in the production of goods for commerce or in any occupation necessary to the production thereof. He could therefore be held within the coverage of the Act only if he was engaged in commerce.

Until actually used to carry interstate traffic a highway constructed on a site where no highway existed before is not an instrumentality of interstate commerce and consequently work performed in the construction of such highway cannot be regarded as employment '' in commerce '' within the meaning of the Act. Plaintiff's entrance upon the existing intersecting streets for the purpose of placing lanterns on the barricades surrounding the catch basin excavations was merely incidental to and did not affect the character of his employment as a watchman on the new highway being constructed. Furthermore, the presence on the intersecting streets of an undescribed number of vehicles bearing licenses of other states does not in and of itself justify the conclusion that these streets were used by persons and goods passing between the various states.

Since plaintiff was not engaged '' in commerce '' he did not come within the coverage of the Act. No opinion.

MacCrate, Smith and Steinbrink, JJ., concur.