**CLYDE et al. v. BRODERICK et al.**

**No. 601.**

District Court, D. Colorado.

Nov. 9, 1943.

B. F. Napheys, Jr., of Denver, Colo., for plaintiffs.

Walter W. Blood, of Denver, Colo., and Bert E. Church, of Kansas City, Mo., for defendants.

SYMES, District Judge.

This suit is brought under the Fair Labor Standards Act of 1938 to recover alleged overtime wages. Two causes of action are pleaded. The first, for the benefit of the plaintiff Edward W. Clyde, and the second brought by the plaintiff, for the benefit of 22 employees alleged to be similarly situated. The motion is to dismiss for the reason the complaint fails to state claims against defendants upon which relief may be granted, because it does not disclose that the plaintiff or any of the employees claimed to be similarly situated were engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The facts are: Defendants were engaged in the construction at Salt Lake City, Utah, of a small arms ammunition plant, pursuant to contract with the United States and the Remington Arms Company, Inc. In said construction equipment tools and other supplies owned by the defendants or rented by them from various third parties or purchased for use on said job were transported on their order from points outside into the State of Utah, and used in the construction of the plant, and were subsequently boxed, crated and otherwise prepared for shipment to points outside the State of Utah.

The plaintiff was employed as a warehouse man or tool inventory clerk by the defendants, and in the course of his employment unloaded from trucks and railroad cars said tools and equipment used in

534

the construction of the plant, and thereafter prepared the said tools and other equipment for shipment outside the State of Utah. Said articles were shipped to Denver, Colorado, Oakland, California, and other points outside the State of Utah.

Sec. 207, 29 U.S.C.A., says: "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—" over a certain number of hours.

Sec. 203(b) of the same Act: " 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof".

■ It clearly appears that the plaintiff was not engaged in commerce, or in the production of goods for commerce within the meaning of the Act.

The defendants were engaged in building a factory for the Government, which at the time the cause of action arose was not completed, and was not producing any goods that went into interstate commerce. Raymond v. Chicago, M. & St. P. R. Co., 243 U.S. 43, 37 S.Ct. 268, 61 L.Ed. 583. In that case the plaintiff, employed by the defendant, an interstate carrier, was injured while working in a tunnel being constructed by the defendant, which at the time of the accident was incomplete, but when completed was to be used as part of an interstate railroad line, and had not yet been used in interstate commerce; and General Railway Signal Co. v. Commonwealth of Virginia, 246 U.S. 500, 38 S.Ct. 360, 62 L.Ed. 854. There a foreign corporation contracted to and performed contracts to furnish completed automatic signal systems in Virginia, in the performance of which the machinery and supplies were brought from without, but their installation as structures permanently attached to the soil required employment of local labor, digging ditches, construction of foundations and painting. Held: That local business was involved separate and distinct from interstate commerce.

In Pedersen v. Delaware, L. & W. R. Co., 229 U.S. 146, 33 S.Ct. 648, 650, 57 L.Ed. 1125, Ann.Cas.1914C, 153, the Court pointed out the difference between repair on an instrumentality of commerce in use and new construction of such instrumentalities. The Court said: "Of course, we are not here concerned with the construction of tracks, bridges, engines, or cars which have not as yet become instrumentalities in such commerce, but only with the work of maintaining them in proper condition after they have become such instrumentalities and during their use as such".

And see 15 C.J.S., Commerce, § 51, p. 365, stating that an employee is not engaged in interstate commerce when working on an appliance or instrumentality which may thereafter be used to facilitate intrastate or interstate transportation, but which has not as yet been devoted or used in interstate commerce. Also New York Central R. Co. v. White, 243 U.S. 188, 37 S. Ct. 247, 248, 61 L.Ed. 667, L.R.A.1917D, 1, Ann.Cas.1917D, 629, construing the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The plaintiff when injured was a night watchman guarding tools and materials intended to be used in the construction of a new station and new track upon an interstate railroad. That being admitted, the question was: "Was the employee at the time of the injury engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?"

Held: Decedent's work bore no direct relation to interstate transportation and had to do solely with construction work which is clearly distinguishable.

And, finally, see Bamberger Electric R. Co. v. Winslow, 10 Cir., 45 F.2d 499, in which Judge Phillips said—syllabus 2: "Generally, employee engaged in work on or connected with instrumentality not yet dedicated to use in interstate commerce, although ultimately so intended, is not employed in 'interstate commerce'."

The cases and bulletins of the Wage and Hour Division of the Department of Labor hold almost unanimously that employees engaged in original construction of buildings are not within the scope of the Act, even when the buildings when completed will be used to produce goods for commerce. And in Walling, Administrator of Wage and Hour Division, v. Goldblatt Bros., Inc., 7 Cir., 128 F.2d 778, the court held that Congress did not intend that the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., should apply to all employees connected with interstate commerce, and the mere fact that their activities merely affected commerce was not sufficient.

■ In the case at bar the employees in question do not come within the Act because the tools and equipment referred to in the complaint were the property of the

defendants and were used by them in the construction work. And the Act was never intended to cover shipment of personal property and equipment. Furthermore, the Act does not apply in cases where government-owned property is shipped across state lines for the convenience of the Government. In such a case it is held it is not interstate commerce but a mere administrative act of the Government.

It is contended the second cause of action brought by the plaintiff on behalf of his fellow employees should be dismissed as there is no authority for maintenance of the action. This is not a good objection. The allegation is sufficient and, if the defendants wish to put the question of authority in issue, they can do so by proper denial or by interrogatories propounded or depositions taken before trial under the new practice. The same applies to the charge that there is no statement of the hours worked or the amount claimed by each of the 22 employees that plaintiff claims to represent. This is especially true in view of the fact that the Act requires the defendants to keep proper records, and therefore we assume he has in his possession the information if requested.

The motion to dismiss is granted. The other motions are denied.