**MARTINEZ v. KILLIAN–HOUSE CO.**

No. 12504.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 18, 1953.

Maxwell Burket, Biery, Biery & Brown and Joe Frazier Brown, San Antonio, for appellant.

Brewer, Matthews, Nowlin & Macfarlane and Lionel R. Fuller, San Antonio, for appellee

**NORVELL, Justice.**

With the growth of cities and the increase of automotive traffic, attempts have been made to alleviate congestion and facilitate passage through urban centers by the construction of multiple lane traffic arteries. These arteries are commonly known as expressways or freeways. The construction of an expressway has been and now is being prosecuted within the limits of the City of San Antonio, Texas, under the direction of the Texas State Highway Department. The appellee, Killian-House Company, is a construction contractor. The appellant, Manuel R. Martinez, was for a time employed by appellee as a night watchman during the time the company was engaged in construction work upon the San Antonio Expressway. He brought this suit for the recovery of additional wages under the provisions of the Fair Labor Standards Act of 1938, as amended. 29 U.S.C.A. §§ 201–219. In the enactment of the legislation referred to, Congress did not exercise the full extent of its power, but specifically limited the coverage of the act to employees engaged

"in commerce," Parham v. Austin Co., 5 Cir., 158 F.2d 566, and the test to determine if an employee is engaged in commerce is whether his activities are "actually in or so closely related to the movement of the commerce as to be a part of it." McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 1251, 87 L.Ed. 1538. The trial court held that Martinez was not engaged "in commerce" at the time he was employed by appellee and from the resultant judgment an appeal has been prosecuted to this Court.

The transcript contains a stipulation relating to the facts of the case, from which we take the following summary:

Martinez was employed by Killian-House Company as a night watchman from April 4, 1948, to September 26, 1951, when this suit was filed. During said time appellee constructed that part of the San Antonio Expressway known as jobs or portions Nos. One and Two, and also did some work upon various feeder streets which led onto the Expressway. The construction of the San Antonio Expressway as an entirety has not been completed, but portions thereof have been finished and certain U. S. designated highways have been routed thereover. This re-routing of highways, however, took place after appellee had completed its work thereon.

U. S. Highways mentioned in the stipulation as now being routed over the completed portion of the Expressway, or which will be re-routed thereover in the near future, are U. S. No. 81 (the Austin Highway), U. S. No. 87 (the Fredericksburg Road), and U. S. No. 90 (Houston-El Paso Highway). In addition to these arteries, State Highway No. 16, connecting San Antonio with Bandera and Kerrville, has been re-routed over the expressway. All of the highways mentioned carry interstate commerce. However, the construction of the expressway and its use as a portion of the highway system constitutes a change

in the routes in all of the highways mentioned and not a mere re-building and repair of a portion of the highway or highways involved. Appellant was therefore employed upon "new construction" prior to the time it was dedicated to commercial use. A person working upon new and original construction is not engaged "in commerce" even though the structure or project upon which he is employed when completed may be used in the transportation of goods and materials in commerce. This rule seems well supported by decisions of the Supreme Court of the United States and the Circuit Courts of Appeals in cases involving the Fair Labor Standards Act as well as the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., which also uses the phrase "in commerce." Cases under the Fair Labor Standards Act are: Overstreet v. North Shore Corp., 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656; McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538; Noonan v. Fruco Const. Co., 8 Cir., 140 F.2d 633; E. C. Schroeder, Inc. v. Clifton, 10 Cir., 153 F.2d 385; Parham v. Austin Co., 5 Cir., 158 F.2d 566; Scholl v. McWilliams Dredging Co., 2 Cir., 169 F.2d 729; Tobin v. Alstate Construction Co., 3 Cir., 195 F.2d 577. Cases under the Federal Employers' Liability Act are: Pedersen v. Delaware L. & W. R. Co., 229 U.S. 146, 33 S.Ct. 648, 57 L.Ed. 1125; Raymond v. Chicago, M. & St. P. R. Co., 243 U.S. 43, 37 S.Ct. 268, 61 L.Ed. 583; New York Central R. Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667; Hallstein v. Pennsylvania R. Co., 6 Cir., 30 F.2d 594. See also, Crabb v. Welden Bros., D.C.Iowa, 65 F.Supp. 369, reversed in part upon other grounds, 8 Cir., 164 F.2d 797; Gulf M. & N. R. Co. v. Madden, 190 Miss. 374, 200 So. 119; Hewlett v. Del Baso Construction Corporation, 180 Misc. 81, 43 N.Y.S.2d 650.

The judgment of the trial court is affirmed.